# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALETA LILLY, on behalf of herself and all others similarly situated, | Case No.: |
| Plaintiff, | CV12-0225-RGK (SHx) |
| vs. | **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| CONAGRA FOODS, INC., a Delaware corporation, | |
| Defendant. | |

## GOOD CAUSE STATEMENT

WHEREAS, discovery in this action is likely to involve the exchange of confidential and commercially sensitive information, including information regarding proprietary manufacturing processes and product ingredients and formulas, economically sensitive information, personal identifying information of customers, and other competitively sensitive information within the meaning of Federal Rule of Civil Procedure 26(c);

WHEREAS, discovery in this action may involve the exchange of sensitive personal information;

WHEREAS, the Parties have agreed that it is necessary to establish procedures to facilitate the exchange of documents and information in the litigation and to minimize the need for objections or subsequent motions seeking to limit discovery and/or the use of this information, and to facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery or other use of this information;

WHEREAS, the Parties believe that entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) would best protect their interests while facilitating discovery in this action; and

WHEREAS, good cause therefore exists under Rule 26(c) of the Federal Rules of Civil Procedure for entry of this Protective Order.

IT IS HEREBY ORDERED as follows by this Court:

The following procedures shall govern the production and exchange of all documents, testimony, interrogatories and responses thereto, and other information produced, given, or exchanged by and among all parties, including third parties subject to discovery in this Action:

## I. PURPOSE AND SCOPE

Discovery in this Action may involve disclosure of confidential and constitutionally protected private, business, and financial information. This protective order ("Protective Order") therefore is entered into pursuant to Federal Rule of Civil Procedure 26(c) to protect against unauthorized disclosure of such information, which would cause serious and irreparable harm to the producing party or witness, and to ensure that such information will be used only for purposes of this Action.

## II. DESIGNATION OF CONFIDENTIAL INFORMATION

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 79-5. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential Material").

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains extremely sensitive business or personal information, the disclosure of which is extremely likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by

this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, declaration, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only Material").

3. Each party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

### III. USE OF CONFIDENTIAL MATERIAL AND NONDISCLOSURE

1. All Confidential Material shall be used by the receiving party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 2 of this Section, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client

solely relating to the above-captioned Action based on his or her evaluation of Confidential Material, provided that such advice and opinions shall not reveal the content of such Confidential Material except by prior written agreement of counsel for the parties, or by Order of the Court.

2. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this Action, provided they have signed a non-disclosure agreement in the form attached hereto and incorporated herein as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel;

    e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

    f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    g. The parties.

3. Confidential Material received by a party in this Action shall be used only by individuals permitted access to it under Paragraph 2 of this Section.

Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

4. With respect to any depositions that involve a disclosure of Confidential Material of a party to this Action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 2(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 2(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

5. Material produced and marked as Attorneys' Eyes Only may be disclosed only to:

(a) Outside counsel for the receiving party (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

(b) Outside experts or consultants of the receiving party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have signed the "Certification RE Confidential Discovery Materials" (Exhibit A), (iii) who have never been employed by, and are not currently employed or performing non-litigation consulting with, any competitors of a party, and (iv) who at the time of executing the "Certification RE

Confidential Discovery Materials," have no intention of being employed or performing non-litigation consulting with any competitors of a party[1];

(c) The court and its personnel;

(d) Court reporters and their staff, professional jury or trial consultants, and Professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Certification RE Confidential Discovery Materials";

(e) a witness testifying on behalf of, or employed by, the producing party, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f) Such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

6. To the extent that any portions of a deposition are to be designated as Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

7. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall identify the documents or information in question. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential

---

[1] Defendant has identified five brands to Plaintiff's Counsel on April 9, 2014, and four related companies on April 10, 2014. It in good faith considers those brands and those companies competitors for the purposes of this Order's provisions. This list shall not be expanded absent written agreement by the Parties or by Order of the Court.

or Attorneys' Eyes Only. If no timely written response is made to the objection, the Confidential or Attorneys' Eyes Only designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

  b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute in accordance with the procedures relating to resolution of discovery disputes as set forth in the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, and the Standing Orders of Judge R. Gary Klausner. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

  8. Materials designated as Confidential or Attorneys' Eyes Only may be referred to in written discovery requests and responses and in motions, briefs, or other papers filed with the Court, and may be used in depositions, either as exhibits or as the basis for questions. The party filing in the public record the motion, brief, or other paper with the Court shall redact or otherwise exclude from the filing any Confidential or Attorneys' Eyes Only information. Any motion, brief, or other paper filed with the Court referring to the Confidential or Attorneys' Eyes Only information, or any document or paper that contains Confidential or Attorneys' Eyes Only information, which has not been redacted, shall be filed in the manner prescribed by this Court's Local Rules, as follows:

> "[A] written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal or in camera. The proposed order shall address the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

87076.1

envelope. Conformed copies need not be placed in sealed envelopes.... Applications and proposed orders to seal..., along with the material to be sealed..., shall not be electronically filed but shall be presented to the Clerk for filing in paper format, in the manner prescribed by Local Rule 79-5. . . . [A] Notice of Manual Filing shall first be electronically filed identifying the materials being manually filed. A copy of the Notice of Manual Filing, together with its NEF (see L.R. 5-3.2.1), shall be presented with the documents presented for filing."

C.D. Cal. Local Rule 79-5.1.

9. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material or of Attorneys' Eyes Only Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Material or Attorneys' Eyes Only Material under this Protective Order.

11. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil

Procedure 26. Such inadvertent or mistaken disclosure of such information, document or thing shall not constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

## IV. NON-CONFIDENTIAL INFORMATION

1. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material or Attorneys' Eyes Only Material under this Protective Order.

2. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.

## V. TERMINATION OF ACTION AND RETURN OF INFORMATION

1. This Protective Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

2. Within 120 days after final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to certify, under oath, that they have either returned to opposing counsel or destroyed all originals and unmarked copies of documents and things containing Confidential Material and Attorneys' Eyes only Material and to destroy, should such source so request, all copies of Confidential Material and Attorneys' Eyes only Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material and Attorneys' Eyes Only Information; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of Confidential Material and

Attorneys' Eyes Only Information from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

## VI.  MISCELLANEOUS

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

1     Done and Ordered this 4th day of April, 2014.
                             15

                           _____
                           The Honorable Stephen J. Hillman
                           U.S. Magistrate Judge

Accepted and agreed:

Dated: April 4, 2014           FINKELSTEIN THOMPSON LLP

                           By: /s/Rosemary M. Rivas
                                 Rosemary M. Rivas
                                 Danielle A. Stoumbos
                                 100 Bush Street, Suite 1450
                                 San Francisco, CA 94104
                                 (415) 398-8700 Telephone
                                 (415) 398-8701 Facsimile
                                 RRivas@finkelsteinthompson.com

Dated: April 4, 2014           YOKA & SMITH, LLP

                           By: /s/Alice Chen Smith
                                 Stephen H. Smith, #101377
                                 Alice Chen Smith, #25165
                                 YOKA & SMITH, LLP
                                 445 South Figueroa Street, 38th Floor
                                 Los Angeles, CA 90071
                                 (213) 427-2300 Telephone
                                 (213) 427-2330 Facsimile
                                 shsmith@yokasmith.com
                                 achen@yokasmith.com

                                 and

Patrick E. Brookhouser, Jr., NE #19245
Lauren R. Goodman, NE # 24625
Noah Priluck, NE# 28669
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge Street
Omaha, NE 68102
(402) 341-3070 Telephone
(402) 341-0216 Facsimile
pbrookhouser@mcgrathnorth.com
lgoodman@mcgrathnorth.com
npriluck@mcgrathnorth.com

Attorneys for Defendant,
ConAgra Foods, Inc.

# **EXHIBIT A**

## **CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential or Attorney's Eyes Only Materials supplied in connection with the Proceeding (Case No. CV12-0225-RGK (SHx)). I certify that I understand that the Confidential or Attorney's Eyes Only Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential or Attorney's Eyes Only Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential or Attorney's Eyes Only Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential or Attorney's Eyes Only Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

////
////
////
////
////

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED:_____ BY: _____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number

# PROOF OF SERVICE
## ALETA LILLY v. CONAGRA FOODS, INC.
### USDC Case No.: CV12-0225-RGK (SHx)

STATE OF CALIFORNIA, COUNTY OF <u>LOS ANGELES</u>

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 445 South Figueroa St., 38th Floor, Los Angeles, California 90071.

    On <u>April 10, 2014</u>, I served the foregoing document(s) described as **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** on the interested party or parties in this action by placing [ ] the original and/or [X] a true copy thereof, enclosed in a sealed envelope, and addressed as follows:

## PLEASE SEE ATTACHED SERVICE LIST

[ ]     (BY E-MAIL) I caused such attachments to be delivered by e-mail on April 10, 2014, to the offices of the addressees.

[X]     (BY E-FILING) (USDC) I caused such document to be sent electronically to the court; electronic filing constitutes service upon the parties who have consented to electronic service.

[ ]     (BY FACSIMILE) I sent this document via facsimile, number(s) as listed on the mailing list above, on _____.

[ ]     (BY MAIL) I deposited such envelope via U.S. Postal Service in Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[X]     (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on <u>April 10, 2014</u>, at Los Angeles, California.

_____
Diana Calle

288465.1

**PROOF OF SERVICE**
**ALETA LILLY v. CONAGRA FOODS, INC.**
USDC Case No.: CV12-0225-RGK (SHx)     MISC.33028

## SERVICE LIST

| | |
|---|---|
| Rosemary Rivas<br>FINKELSTEIN THOMPSON LLP<br>505 Montgomery Street, Suite 300<br>San Francisco, CA 94111<br>Tel.: (415) 398-8700<br>Fax: (415) 398-8704<br>rrivas@finkelsteinthompson.com<br><br>*- Attorneys for Plaintiffs* | Patrick E. Brookhouser, Jr.<br>Lauren R. Goodman<br>Noah Priluck<br>McGrath North Mullin & Kratz, PC LLO<br>First National Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, NE 68102<br>Phone (402) 633-9548<br>Fax   (402) 952-9548<br>pbrookhouser@mcgrathnorth.com<br>lgoodman@mcgrathnorth.com<br>npriluck@mcgrathnorth.com<br><br>*- Attorney for Defendant, Conagra Foods, Inc.* |

288465.1