UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00225-RGK (SH) | Date | September 19, 2014 |
|---|---|---|---|
| Title | ***LILLY v. CONAGRA FOODS, INC.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Motion for Preliminary Approval of Class Action Settlement (DE 113)**

## I.   INTRODUCTION

On January 10, 2012, Aleta Lilly ("Plaintiff"), individually and on behalf of all others similarly situated, filed a class action against ConAgra Foods, Inc. ("Defendant"). Plaintiff's Complaint asserts claims under the California Business and Professional Code and California Civil Code arising from alleged mislabeling of Defendant's David® Sunflower Seeds ("Products").

Presently before the Court is Plaintiff's Motion for Preliminary Approval of Class Action Settlement, in which Defendant joins. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.   FACTUAL BACKGROUND

Defendant produces sunflower seeds under the David® Sunflower Seeds brand. Plaintiff alleges that Defendant violated provisions of the California Business and Professional Code and California Civil Code by understating the sodium content in the Nutrition Facts Panel ("Facts Panel") of certain of its Products. Specifically, Plaintiff alleges that (1) Defendant disclosed sodium for the kernels on Facts Panels, but not for the shells' coating, and (2) on other packages, Defendant disclosed sodium for the shells' coating outside the Facts Panel.

The parties have now reached a settlement agreement and seek the Court's preliminary approval. For settlement purposes only, the parties have agreed to the certification of an injunctive relief only class pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(2) defined as follows:

> All persons in the United States who bought, for personal use only, David® Sunflower Seeds from the period of January 10, 2008 to the Effective Date (defined as the first day after the Final Order and Judgment is entered by the District Court). Excluded from the Settlement Class are Defendant, its officers, directors, or employees, the legal representatives, heirs, successors, and assigns of Defendant, any entity in which Defendant has a controlling interest; and any judge to whom this case is assigned, his or her immediate family, and his or her staff ("Settlement Class").

(Pl.'s Mot. 3: 6-16, ECF No. 113.)

Defendant agrees to a stipulated injunction for as long as the Federal Food and Drug Administration requires only single serving nutritional information to be contained in the Facts Panel. The principal terms of the proposed settlement are as follows:

1. Defendant will relabel all of its Products to disclose the total sodium content for both the kernels and the shells' coating and will no longer place the sodium content of the kernels and the shells' coating outside of the Facts Panel on products sold in the United States.
2. Defendant will relabel all of the Facts Panels on its website, www.davidseeds.com, to disclose the sodium content for the kernels and the shells' coating.
3. Defendant will comply with all aspects of the Federal Food, Drug and Cosmetic Act and regulations promulgated pursuant thereto, and with all aspects of the Sherman Food, Drug and Cosmetic Law, that relate to the required disclosure of sodium in its Products.
4. Defendant will effectuate changes by January 31, 2015, and provide Plaintiff with a declaration by January 31, 2015 setting forth compliance with the obligations and shall maintain records necessary to demonstrate compliance.
5. Defendant is not required to remove or recall any Products in market, inventory or elsewhere; nor is it required to discontinue the use of, or destroy, any packaging inventory in existence prior to final approval of this settlement agreement.
6. Defendant will not print any Products after January 31, 2015 that do not comply with the terms of this settlement.
7. In releasing her claims against Defendant, Plaintiff and all members of the Settlement Class expressly waive their rights to seek injunctive relief pursuant to Rule 23(b)(2), individually or otherwise, against Defendant alleging that the sodium disclosure of its Products fails to comply with state or federal law or regulations in effect on the effective date.
8. Defendant will pay $550,000.00 to Plaintiff's counsel, Finkelstein Thompson LLP, for any and all Plaintiff's attorney's fees and costs.
9. Defendant will pay an incentive award of $5,000 to Plaintiff Aleta Lilly for her services as a named plaintiff.

### III.   JUDICIAL STANDARD

A class action may not be dismissed, compromised, or settled without court approval. Fed. R. Civ. P. 23(e). The district court must determine whether the proposed settlement is fair, adequate, and reasonable. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). The settlement as a whole, rather than its individual parts, must be examined for overall fairness. *Id.*

To determine whether a settlement agreement meets the above standards, a court must consider a number of factors, including:

> the strength of plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceeding; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003).

## IV. DISCUSSION

Plaintiff requests preliminary approval of the settlement, asserting that it is fair and meets the above requirements. Plaintiff also requests that the Court certify the class for settlement purposes only.

### A. Preliminary Approval

A class action settlement is presumed to be fair when: (1) the settlement is reached through arm's length agreement; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small. Newberg & Conte, *Newberg On Class Actions*., 4th Ed. (2014) § 11.41.

According to Plaintiff's Motion, in which Defendant has joined, and the declarations filed in support thereof, the parties appear to have reached the proposed settlement as a result of arm's length negotiations. (Rivas Decl. ¶ 8.) The parties' counsel are experienced class action litigators who engaged in adequate discovery. (Rivas Decl. ¶ 9.) Defense counsel deposed Plaintiff to gauge her credibility and learn the detailed facts of her case. (Pl.'s Mot. 12: 21-22, ECF No. 113.) Additionally, Plaintiff's counsel deposed a witness designated by Defendant to testify on a range of topics, including the labels used from January 2008 through present. (Rivas Decl. ¶ 6.) Plaintiff also met and conferred with Defendant over producing pricing information, sales data, consumer studies, and consumer call logs, among other things, and propounded interrogatories, to which Defendant responded. *Id.* Moreover, there are currently no known objectors to this proposed settlement. In light of these facts, the settlement appears to be fair and reasonable for purposes of preliminary approval.

### B. Certification of Class

As the party seeking class certification, the plaintiff bears the burden of demonstrating that the requirements of Rule 23(a) and 23(b) are met. *Marlo v. United Parcel Services, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). For the Court to grant class certification, the plaintiff must establish (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *see Hanlon*, 150 F.3d at 1019. Plaintiff also needs to satisfy one of the requirements under Rule 23(b). *Wang v. Chinese Daily News, Inc.,* 623 F.3d 743, 753 (9th Cir. 2010). The Court finds that Plaintiff has established these requirements.

#### 1. *Plaintiff Has Established Numerosity*

A class must be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Here, the parties have agreed that this requirement is met. Although the exact number of class members is undetermined and cannot easily be ascertained, Defendant sold millions of individual units. (Pl.'s Mot. 6:23-25, ECF No. 113.) The number and potential geographical diversity of purchasers of the Product renders joinder of all possible Class Members impracticable. Therefore, Plaintiff has satisfied

the numerosity requirement.

        2. *Plaintiff Has Established Commonality*

Commonality requires the plaintiff to demonstrate a "common contention . . . that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). At the same time, "Rule 23(a)(2) has been construed permissively," requiring only "a common core of salient facts coupled with disparate legal remedies" to satisfy the rule. *Hanlon*, 150 F.3d at 1019.

Here, the central issues in the case are common to all Class Members:

(1) whether ConAgra violated California law by understating the sodium in the Facts Panel of its Products;
(2) whether reasonable consumers are likely to be deceived; and
(3) the measure of restitution to which they are entitled.

(*See* Pl.'s Mot. 7: 9-14, ECF No. 113.) Therefore, the Court finds that Plaintiff has established commonality.

        3. *Plaintiff Has Established Typicality*

Typicality requires that "representative claims . . . [be] reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (internal quotation omitted).

Here, Plaintiff's claim arises from Defendant's alleged unlawful and unfair business practices - failure to disclose the total amount of sodium in the Facts Panel of its Products. (Pl.'s Mot. 1: 11-14, ECF No. 113.) Plaintiff alleges that both she and the Class Members bought misbranded Products that should not have been available for purchase, and which it was illegal for Defendant to sell and deliver in California. (Pl.'s Mot. 8: 1-3, ECF No. 113.) Therefore, Plaintiff's claims are reasonably coextensive with those of the absent Class Members.

        4. *Plaintiff Has Established Adequacy of Counsel*

Adequacy of counsel requires asking whether (1) "the named plaintiffs and their counsel have any conflict of interest with other class members," and (2) "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020. When appointing class counsel, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Here, the record in this case does not reflect any conflict of interest between Plaintiff and the

Class Members. Furthermore, the declaration of Rosemary Rivas of Finkelstein Thompson LLP, Plaintiff's counsel, demonstrates that counsel is experienced and qualified and has vigorously prosecuted the action. (Rivas Decl. ¶¶ 4, 6-10, Ex. 2.) Therefore, the Court finds that Plaintiff has satisfied the adequacy requirement.

### 5. *Plaintiff Has Satisfied the Requirement of Rule 23(b)*

Plaintiffs seeking class certification must also satisfy at least one of the requirements under Rule 23(b). Pursuant to Rule 23(b)(2), a class action may be maintained "if the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). For a class to be certified, "[i]t is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998).

As discussed above, Plaintiff complains of standard and uniform illegal practices that are generally applicable to the class as a whole. Meanwhile, Defendant has maintained that it has fully complied with all applicable laws pertaining to the labeling of its Products. Therefore the Court finds that Rule 23(b)(2) is satisfied.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Additionally, the Court appoints Plaintiff as Class representative, and Finkelstein Thompson LLP as Class Counsel.

**IT IS SO ORDERED.**

**:**

**Initials of Preparer**