```
                                                    ity    ___
                                                    ___    ___
                                                    L..r   ___
                                                    Closed ___
                                                    JS-5/JS-6  ✓
                                                    JS-2/JS-3  ___
                                                    Scan Only ___
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA LILLY, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>     vs.<br><br>CONAGRA FOODS, INC., a Delaware corporation<br><br>            Defendant. | Case No. CV12-0225-RGK (SHx)<br><br>[PROPOSED] FINAL ORDER AND JUDGMENT |

1   WHEREAS, Class Representative Plaintiff Aleta Lilly ("Plaintiff") on behalf of herself and all others similarly situated, and Defendant ConAgra Foods, Inc. ("Defendant" or "ConAgra") entered into a Stipulation of Settlement and Release, filed with the Court on August 1, 2014 (the "Settlement Agreement").

WHEREAS, on August 1, 2014, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement.

WHEREAS, on September 19, 2014, the Court entered an order granting preliminary approval that, among other things, (a) certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure a settlement class defined as: "All persons in the United States who bought, for personal use only, David® Sunflower Seeds from the period of January 10, 2008 to the Effective Date (defined as the first day after the Final Order and Judgment is entered by the District Court). Excluded from the Settlement Class are Defendant, its officers, directors, or employees, the legal representatives, heirs, successors, and assigns of Defendant, any entity in which Defendant has a controlling interest; and any judge to whom this case is assigned, his or her immediate family, and his or her staff ('Settlement Class')," for the purposes of providing injunctive relief only and for settlement purposes; (b) appointed named Plaintiff Aleta Lilly as Class Representative for settlement purposes; (c) appointed Plaintiff's Counsel, Finkelstein Thompson LLP, as Class Counsel for settlement purposes; and (d) preliminarily found that the Settlement to be fair and reasonable.

WHEREAS, on October 10, 2014, Plaintiff filed a Motion for Final Approval of Class Action Settlement, and a Motion For Award of Attorney Fees, Reimbursement of Costs, and Approval of Service Award.

NOW, THEREFORE, having reviewed and considered the submission presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties, having determined that the settlement set forth in the Settlement Agreement is fair, reasonable,

1
[PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. CV12-0225-RGK (SHX)

adequate, and in the best interests of the Class, the application of Class Counsel for an award of fees and costs, and service award separate from the issue of whether final approval should be given to settlement set forth in the Settlement Agreement, and good cause appearing therefore.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Settlement Agreement is hereby incorporated by reference into this Final Order and Judgment as if explicitly set forth herein and shall have the full force of an Order of this Court.

2. The Court has jurisdiction over the subject matter of this litigation, the parties, and all persons within the Class.

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and this Court's Preliminary Approval Order, for the purposes of settling the claims against Defendant in accordance with the Settlement Agreement, the following persons are members of the Class: All persons in the United States who bought, for personal use only, David® Sunflower Seeds from the period of January 10, 2008 to the Effective Date (defined as the first day after the Final Order and Judgment is entered by the District Court). Excluded from the Settlement Class are Defendant, its officers, directors, or employees, the legal representatives, heirs, successors, and assigns of Defendant, any entity in which Defendant has a controlling interest; and any judge to whom this case is assigned, his or her immediate family, and his or her staff.

4. The Court finds that Plaintiff and Class Counsel fairly and adequately represented the interests of Class members in connection with the settlement set forth in the Settlement Agreement. The Court also finds no objections to the settlement.

5. The Court finds the settlement, providing injunctive relief only and requiring no release of monetary claims by any Class member, set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Class, and is hereby approved.

6. Plaintiff's Motion for Final Approval of Class Action Settlement is hereby granted. The settlement is approved and found to be, in all respects, fair, reasonable, adequate and in the best interests of the Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Specifically, the Court finds that final approval of the settlement is warranted in light of the following factors:

    i. The strength of Plaintiff's case;
    ii. The risk, expense, complexity, and likely duration of further litigation;
    iii. The risk of maintaining class action status throughout trial;
    iv. The amount offered in settlement;
    v. The extent of discovery completed and the stage of the proceedings; and
    vi. The experience and views of counsel.

*Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004); citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The Court further finds that the settlement is the product of good faith negotiations at arm's length, conducted with the assistance and under the supervision of an experienced and independent mediator, the Honorable Wayne D. Brazil (Ret.), after thorough factual and legal investigation, and is not the product of fraud or collusion. See *Officers for Justice v. Civil Servo Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). The parties are directed to consummate the Settlement Agreement in accordance with its terms.

7. ConAgra is ordered to comply with the following injunction for as long as the Federal Food and Drug Administration requires only single serving nutritional information to be contained in the Nutrition Facts Panel: (a) Defendant shall effect relabeling of all David® Sunflower Seeds products so that the Nutrition Facts Panel discloses the total sodium content for both the kernels and the shells' coating. Defendant will no longer place the sodium of the kernels and the shells' coating outside the Nutrition Facts Panel on products sold in the United States. Sodium disclosures for both the kernels and the shells' coating in David® Sunflower Seeds sold in the United States shall be stated in the Nutrition

Facts Panel in the sodium declaration; (b) Defendant shall effect relabeling of all Nutrition Facts Panels on its website pages at www.davidseeds.com relating to David® Sunflower Seeds products to disclose the sodium content for the kernel and the shells' coating. Sodium disclosures for both the kernels and the shells' coating shall be stated in the sodium declaration of the Nutrition Facts Panel on David® Sunflower Seeds; (c) Defendant shall comply with all aspects of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, et seq. and regulations promulgated pursuant thereto, and with all aspects of the Sherman Food, Drug and Cosmetic Law, that relate to the required disclosure of sodium in the sunflower seeds; (d) Defendant shall effectuate the changes set forth in (a)-(c) by January 31, 2015, and provide Plaintiff with a declaration by January 31, 2015 setting forth compliance with the above obligations and shall maintain records necessary to demonstrate compliance with the same; and (e) Defendant shall not print any David® Sunflower Seed labels after January 31, 2015 that do not comply with the changes set forth in (a)-(c).

8. Plaintiff and all members of the Settlement Class shall be and hereby are forever enjoined from filing any action seeking injunctive relief individually or pursuant to Rule 23(b)(2), against Defendant alleging that the sodium disclosure of David® Sunflower Seeds fails to comply with state or federal law or regulations in effect on the Effective Date (defined as the first day after the Final Order and Judgment is entered by the District Court).

9. The Court hereby awards and orders ConAgra to pay Class Counsel $550,000.00 in total for attorneys' fees and costs payable to Finkelstein Thompson LLP. The Court hereby further awards and orders ConAgra to pay an amount of $5,000 to the Plaintiff Aleta Lilly. These payments are to be paid in accordance with the terms of the Settlement Agreement.

10. This litigation is dismissed with prejudice and, except as provided herein or in the Settlement Agreement, without costs. The Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry of the Judgment by the Clerk.

**IT IS SO ORDERED.**

DATED: NOV 2 4 2014

*(signature)*
Honorable Gary R. Klausner
UNITED STATES DISTRICT JUDGE